**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT DOWN, et al.,**

**Plaintiffs,**

**v.**

**Case No. 8:24-cv-02493-WFJ-AAS**

**ROBERT RAY HOLCOMB, et al.,**

**Defendants.**
**______________________________________/**

# ORDER

The court held a hearing on Plaintiffs Roger Down, Elizabeth Robinson, the RHL Down Superannuation Fund, the Tukibek Superannuation Fund, and Timtash Pty. Ltd.'s (collectively, the plaintiffs) motion for contempt sanctions against Defendants Robert Ray Holcomb, Ellen Sue Holcomb, Holcomb Power, LLC, and Holcomb Energy Systems, LLC (collectively, the defendants). (Doc. 59). For the reasons stated on the record at the hearing:

(1) The plaintiffs' oral motion for Clerk's default against Holcomb Power, LLC and Holcomb Energy Systems, LLC (Doc. 70) is **GRANTED**. *See Compania Interamericana Exp. Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 950, 952 (11th Cir. 1996). The Clerk is directed to enter default as to these defendants.

(2) The plaintiffs must file a motion for default judgment against Holcomb Power, LLC and Holcomb Energy Systems, LLC by **December 5, 2025**. The plaintiffs must serve the defendants with this motion. The defendants' response to the motion is due by **January 3, 2026**.

(3) Ms. Holcomb represented at the hearing that she is in possession of the outstanding discovery documents and previously sent those documents to her former counsel before her former counsel was permitted to withdraw. Ms. Holcomb is **DIRECTED** to provide defense counsel with a complete production by **November 7, 2025**. To the extent the production does not satisfy the court's discovery orders, the plaintiffs may file a motion for sanctions against Ms. Holcomb and Mr. Holcomb, individually, including a request for default judgment, if appropriate.

(4) The plaintiffs' motion for contempt sanctions (Doc. 59) is **GRANTED in part**. The plaintiffs are granted an award of their attorney's fees and costs against the defendants, incurred as a result of the defendants' failure to participate in discovery and comply with discovery orders. Specifically, the plaintiffs may recover their attorney's fees and costs incurred since the court's July 2, 2025 order (Doc. 54). The plaintiffs must file a supplemental motion in support of their requested award by **December 5, 2025**. The supplemental motion must contain supporting documentation,

including attorney's fee ledgers, which may be filed under seal. In all other respects, the motion for contempt is denied without prejudice.

(5) The plaintiffs' oral motion to address the court's case management and scheduling order deadlines (Doc. 71) is **GRANTED**. These deadlines are stayed until **January 15, 2026**.

**ORDERED** in Tampa, Florida, on November 5, 2025.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge