UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROGER DOWN, et al.,**

    **Plaintiff,**

v.                                          **Case No.:  8:24-cv-2493-WFJ-AAS**

**ROBERT RAY HOLCOMB, et al.,**

    **Defendants.**

_____/

## ORDER

Plaintiffs Roger Down, Elizabeth Robinson, the RHL Down Superannuation Fund, the Tukibek Superannuation Fund, and Timtash Pty. Ltd. (collectively, the plaintiffs) move for contempt and for entry of Clerk's default against Defendants Robert Ray Holcomb and Ellen Sue Holcomb (the Holcombs) for their continued failure to comply with the court's discovery orders. (Doc. 78). The Holcombs responded in opposition to the motion, arguing that they have complied with the court's discovery orders. (Doc. 80).

**I.     BACKGROUND**

On October 25, 2024, the plaintiffs filed their complaint in this action. (Doc. 1). On December 18, 2024, Defendant Holcomb Energy Systems, LLC filed its Answer and Affirmative Defenses. (Docs. 23, 34). On January 10, 2025, the Holcombs and Holcomb Power, LLC filed their Answer and Affirmative

1

Defenses. (Docs. 33, 35). On March 10, 2025, the defendants provided their written responses to the plaintiffs' discovery requests, raising several boilerplate objections and producing no supporting documents. (Doc. 78, Ex. D, E). On April 10, 2025, the parties held a Rule 37 conference, at which the defendants' counsel advised that the defendants would produce responsive documents and amended written responses to the plaintiffs' discovery requests by April 15, 2025.

When no updated discovery responses or documents were provided, the plaintiffs moved to compel production of these responses on April 23, 2025. (Doc. 43). After the defendants failed to respond to the plaintiffs' motion to compel, the court ordered the defendants to respond by May 16, 2025. (Doc. 44). On May 13, 2025, the defendants produced two .pdfs to the plaintiffs, consisting of 3,532 pages of emails and attachments. The next day, the plaintiffs' counsel advised the defendants' counsel that the documents produced were produced in another irrelevant matter and requested amended responses by April 16, 2025. The defendants failed to provide additional responses.

On July 2, 2025, the court granted the plaintiffs' motion to compel and directed the defendants to provide responsive documents and adequate written responses to the defendants' discovery requests by July 30, 2025. (Doc. 54). On

2

July 18, 2025, the court granted the defendants' counsel's motion to withdraw. (Doc. 56). The court reminded Holcomb Power, LLC and Holcomb Energy Systems, LLC that they could not represent themselves and that they must obtain counsel. (*Id.*).

On August 11, 2025, Ms. Holcomb moved to continue this case due to Mr. Holcomb's alleged critical illness. (Doc. 57). On August 12, 2025, the court extended the deadline by which the defendants were ordered to respond to the plaintiffs' discovery requests until August 29, 2025. (Doc. 58). On September 5, 2025, the plaintiffs moved for contempt because the defendants failed to respond to the plaintiffs' outstanding discovery requests and failed to obtain counsel for Holcomb Power, LLC and Holcomb Energy Systems, LLC. (Doc. 59). On September 9, 2025, the defendants filed another motion to continue this case due to Mr. Holcomb's alleged critical illness. (Doc. 61). On September 19, 2025, the court again granted the defendants' motion to continue and stayed the case until October 17, 2025. (Doc. 62). The court also set the plaintiffs' motion for contempt for failure to comply with the court's discovery orders for a hearing on November 5, 2025. (*Id.*).

On November 5, 2025, the court held a hearing on the plaintiffs' motion for contempt. (Doc. 72). The court directed Ms. Holcomb to provide the plaintiffs' counsel "with a complete production by November 7, 2025." (*Id.*). The

court also noted that "[t]o the extent the production does not satisfy the court's discovery orders, the plaintiffs may file a motion for sanctions against Ms. Holcomb and Mr. Holcomb, individually, including a request for default judgment, if appropriate." (*Id.*). On November 6, 2025, the Holcombs provided revised written responses to the plaintiffs' requests for production and a minimal set of documents. The Holcombs did not provide updated responses to the plaintiffs' interrogatories.

## II. ANALYSIS

### A. Motion for Clerk's Default

In the Eleventh Circuit, obtaining a clerk's default as a sanction in federal court requires a finding of willful or bad faith failure to comply with court orders, a determination that lesser sanctions would not serve the interests of justice, and compliance with proper procedural requirements under Federal Rule of Civil Procedure 37(b)(2)(A)(vi).

As an initial matter, the Holcombs have still not provided any updated or revised responses to the plaintiffs' interrogatories as directed. Additionally, their document production remains inadequate. The only documents that the Holcombs recently produced are (i) a list of supposed patents prepared by a United Kingdom-based attorney in October 2024, (ii) several testing reports or assessments that purportedly demonstrate that the Holcombs' inventions

work, and (iii) a photograph of a partially obscured letter (with no visible date) from Bank of America stating the account of Holcomb Energy Systems had been closed. These documents are not responsive to the plaintiffs' discovery requests.

The Holcombs state that the FBI seized all other relevant documents and information. (Doc. 80). The court finds this statement is not made in good faith. For example, the documents recently produced appear to have been extracted from a larger set. They are labeled Exhibits "H" through "M" and "O" through "P." (*See* Doc. 78, Ex. A). The Holcombs provided no explanation for the missing Exhibits "A" through "G" or "N." In addition, the Holcombs recently filed an opposition to the plaintiffs' motion for default judgment as to Holcomb Power, indicating that they have additional documents and information that have not yet been gathered or produced in this case. (*See* Doc. 77).

The plaintiffs requested the defendants' "complete file related to Plaintiffs, Plaintiffs' representatives, Plaintiffs' investments/loans, and the allegations outlined in the complaint." In their discovery response, the Holcombs claimed that "Plaintiffs' files were removed from premises by the FBI." (Doc. 78, Ex. A). The Holcombs responded similarly in response to more specific requests for a "full accounting of all investment funds and loans given by Plaintiffs to Defendants," "capitalization tables for Holcomb Power and

HES," "certificates of Economic Ownership Interests issued to investors in Holcomb Power," "documents signed by Plaintiffs," and notes "pertaining to Plaintiffs, Plaintiffs' investments, or Plaintiffs' loans." (*Id.*). But the Holcombs attached several of these types of documents to their opposition to the plaintiffs' motion for default judgment, demonstrating that they are in possession, custody, and control of additional documents. (Doc. 77).

In response to the plaintiffs' requests for "communications between Defendants and all investors, members, partners, and owners in Holcomb Power and HES," the Holcombs claim that "[a]ll records were removed by the FBI. Laptop containing electronic files was also removed by the FBI." (Doc. 78, Ex. A). But in their opposition to the plaintiffs' motion for default judgment, the Holcombs claim that the Certificates of Economic Ownership Interest that they attached had been "recently located in emails." (Doc. 77). This demonstrates, among other things, that the Holcombs have access to their emails and did not search for or produce any responsive emails or documents attached to emails in response to the plaintiffs' outstanding discovery requests.

In fact, the Holcombs are still communicating using the same email domain that they are using to communicate with the plaintiffs' counsel in this case. Since the FBI's raid on April 10, 2025, the Holcombs have issued several "updates" to Holcomb Power investors. On April 12, 2025, investors received

6

an email with the subject line, "From Holcomb Energy Systems," from andrewh@holcombenergysystems.com, copying Robert and Ellen Holcomb, among others. (*See* Doc. 78, Exs. C, D, E, F).

Regarding the plaintiffs' requests for bank account and financial information, the Holcombs claim that Holcomb Energy Services is a management services company with no assets. However, the Holcombs appear to have taken no action to search for and produce responsive documents. The letter attached to their responses is a photograph of a letter that is partially obscured, with no visible date that was addressed to "Holcomb Energy Systems, LLC." (Doc. 77, Ex. B). And the Holcombs did not produce or reference any such letters about the accounts of Holcomb Power, LLC.

The Holcombs also failed to provide any documents showing the identity of other investors, claiming that "these records are protected by confidentiality," with no further explanation. In response to a request for copies of pleadings filed in the other lawsuits against the defendants, they claimed that the documents were "not available and too onerous." In response to a request for all patents concerning the Holcombs' purported inventions, the Holcombs stated, "All patents are available online," without specifying where they can be found online. In response to a request for communications with the United States Patent and Trademark Office, the Holcombs claimed they had

7

no correspondence or communication with the USPTO regarding their numerous supposed patents. These responses are improper.

Considering the foregoing, the court finds entry of a clerk's default against the Holcombs for their repeated failure to comply with discovery orders and misrepresentations is appropriate. *See Sweeteners Plus, Inc. v. Glob. Supply Source, Inc.*, No. 11-1799, 2013 WL 5532670, at *2 (M.D. Fla. Oct. 7, 2013) (adopting magistrate judge's recommendation to direct clerk to enter defaults against the defendants for failing to comply with previously issued discovery orders). Because the court is granting the plaintiffs' request for a clerk's default, a motion for default judgment is the appropriate avenue for sanctions, in lieu of contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (outlining that one of the court's options when a party "fails to obey an order to provide or permit discovery" may include "rendering a default judgment against the disobedient party"); *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536 (11th Cir. 1993) (affirming the district court's judgment striking answers and entering default judgment as sanction for defendant's failure to comply with discovery orders); *Heald v. Hill-Rom Co.*, 105-187, 2006 WL 3747362, at *1 (S.D. Ga. Dec. 18, 2006) (adopting the magistrate judge's recommendation to enter default judgment against the defendant for failing to comply with discovery order).

### B.     Motion for Attorney's Fees and Costs

The plaintiffs also request an award of attorney's fees and costs incurred in addressing the Holcombs' continued discovery abuses. Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). That the individual defendants are proceeding pro se does not render them any less subject to sanctions than a party represented by counsel. *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014) (per curiam) (observing that the sanctions available under Rule 37 "apply with equal force to pro se parties") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350 (11th Cir. 2009) (per curiam) (noting that an unrepresented litigant is "subject to sanctions like any other litigant").

For the above reasons, the court finds that the Holcombs' actions were made willfully and in bad faith. Thus, sanctions of shifting attorney's fees and costs because of these actions is appropriate.

### III.   CONCLUSION

The plaintiffs' motion for contempt and entry of clerk's default is

**GRANTED in part and DENIED in part**:

(1) The request for entry of a Clerk's default against the Holcombs is **GRANTED**. The Clerk of Court is directed to enter default against Robert Ray Holcomb and Ellen Sue Holcomb. Local Rule 1.10(c) addresses the deadline for filing a motion for default judgment.

(2) The request for attorney's fees and costs is **GRANTED**. The plaintiffs are awarded their attorney's fees and costs incurred as a result of the Holcombs' failure to reasonably participate in discovery.[1] The plaintiffs must file a supplemental motion in support of their requested award by **February 20, 2025**. The supplemental motion must contain supporting documentation, including attorney's fee ledgers, which may be filed under seal.

(3) The request for a finding of civil contempt is **DENIED** as unnecessary due to the relief awarded in paragraphs (1) and (2)

**ENTERED** in Tampa, Florida, on January 26, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The plaintiffs were previously awarded their attorney's fees and costs incurred from since the court's July 2, 2025 order (Doc. 54). (Doc. 72, p. 2). The plaintiffs were directed to file a supplemental motion in support of their fee request by December 5, 2026. (*Id.*). This motion was timely filed. (Doc. 75).